## TRESSPASSER INJURED BY OWNER AND AWARDED DAMAGES.

Circuit Court of Hamilton County.

WILLIAM CORDES, PLAINTIFF IN ERROR, v. CHARLES MASON, DEFENDANT IN ERROR.

Decided, March, 1911.

*Tort—Owner of Premises Shoots Trespasser—Judgment in Favor of Trespasser for Injuries Sustained.*

A mere trespass on real estate does not justify the owner in the use of fire arms in driving the trespassers from the premises, and where a jury has found from the testimony of the owner himself that he had no reason to fear the trespassers would do him great bodily harm a judgment for damages in favor of one of the tresspassers who was shot and injured will be sustained.

*Burch & Johnson,* for plaintiff in error.
*Geo. S. Hawke,* contra.

The plaintiff below was given a verdict of $900 on account of injuries sustained.

GIFFEN, P. J.; SMITH, J., and SWING, J., concur.

Charles Mason and two. companions were trespassers while fishing in a pond on the premises of William Cordes. The latter being advised of their presence at about 3:30 o'clock in the morning, secured a loaded shot-gun and proceeded toward the pond. On the way he met his servant, who informed him that three colored men were fishing in the pond; that he told them to leave the premises, and that they refused. When he arrived at a point about 200 feet distant from the men on the other side of the pond without any warning he fired the gun in that direction, and within two minutes thereafter seeing the plaintiff stooping as though intending to pick up something, he fired directly at the plaintiff, one of the shots penetrating and causing the loss of one eye.

He justifies the shooting on the ground that he believed and had reasonable ground for believing that plaintiff was stooping to pick up a gun or other deadly weapon and intended to do him bodily harm. He does not claim that his servant or he himself saw them do anything that would justify the first shot, except fishing on his premises without permission.

He certainly can not excuse the unlawful use of fire arms by a mere trespass on his real estate by the plaintiff; but on the contrary the plaintiff himself, although a trespasser, would be justified in resisting the assault with force, if he believed that he could not escape from the premises without suffering great bodily harm, and had reasonable grounds for such belief.

The jury, however, must have found from the defendant's own statement of the affair that he had no reasonable ground for believing that the plaintff would do him bodily harm.

In this view of the case we deem it unnecessary to consider the objections to the general charge of the court to the jury, which as a whole fairly states the law of the case, although certain parts considered above would be misleading.

We are not unmindful of the great provocation to use force, when one's premises are invaded by three unknown men at such an unreasonable hour; but we are satisfied from the testimony of the defendant that a request or demand that they leave the premises, when made with a shotgun in reserve, was the only

necessary and reasonable course to pursue, and would no doubt have been obeyed.

Finding no prejudicial error in the record the judgment will be affirmed.